UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE E.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL,[2] Commissioner of Social Security Administration, <br><br> Defendant. | Case No. 8:19-cv-00362-JC <br><br> MEMORANDUM OPINION |

## I. SUMMARY

On February 25, 2019, plaintiff Renee E. filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

---

[1] Plaintiff's name is partially redacted to protect her privacy in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Andrew Saul is hereby substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this action.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; March 5, 2019 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 25, 2014 and February 27, 2015, respectively, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits, alleging disability beginning on May 1, 2012 due to fibromyalgia, postherpetic neuralgia, severe depression, and chronic fatigue. (Administrative Record ("AR") 176-86, 231). She subsequently alleged that in 2015, the pain in her back and neck and her depression were worse. (AR 270). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert. (AR 32-57).

On December 4, 2017, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 18-27). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: fibromyalgia syndrome, postherpetic polyneuropathy, cervical spine degenerative disc disease, and migraine headaches (AR 20); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 22-23); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b) and 416.967(b)) with additional

///
///

limitations[3] (AR 23); (4) plaintiff could perform past relevant work as a sales associate and party sales (AR 26-27); and (5) plaintiff's statements regarding the intensity, persistence, and limiting effects of her subjective symptoms were not entirely consistent with the medical evidence and other evidence in the record (AR 24-26).

On December 26, 2018, the Appeals Council denied plaintiff's application for review. (AR 1-6).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted); 20 C.F.R. §§ 404.1505(a) 416.905. To be considered disabled, a claimant must have an impairment of such severity that she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

---

[3]The ALJ determined that plaintiff (i) could lift and carry 20 pounds occasionally and ten pounds frequently; (ii) could stand and walk six out of eight hours a day; (iii) could sit six out of eight hours a day; (iv) could occasionally climb ramps, stairs, ladders, ropes, or scaffolds; (v) could occasionally balance, stoop, kneel, crouch, or crawl; (vi) would need to avoid concentrated exposure to extreme cold or heat; and (vii) would need to avoid concentrated exposure to hazards. (AR 23).

3

Cir. 2006) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

**B.     Federal Court Review of Social Security Disability Decisions**

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. See Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (defining "substantial evidence" as "more than a mere scintilla, but less than a

preponderance") (citation and quotation marks omitted). When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's subjective complaints. (Plaintiff's Motion at 13-19). The Court disagrees.

### A. Pertinent Law

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the sequential evaluation process. 20 C.F.R. §§ 404.1529(a) & (d), 416.929(a) & (d). Accordingly, when a claimant presents "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to

which the claimant's statements regarding the intensity, persistence, and limiting effects of his subjective symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities. 20 C.F.R. §§ 404.1529(a), (c)(4), 416.929(a), (c)(4); Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *4-*10. When an individual's subjective statements are inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities. See SSR 16-3p, 2017 WL 5180304, at *8. In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 488-89. This requirement is very difficult to satisfy. See Trevizo, 871 F.3d at 678 ("The clear and convincing standard is the most demanding required in Social Security cases.") (citation and quotation marks omitted).

An ALJ's decision "must contain specific reasons" supported by substantial evidence in the record for giving less weight to a claimant's statements. SSR 16-3p, 2017 WL 5180304, at *10. An ALJ must clearly identify each statement being rejected and the particular evidence in the record which purportedly undermines the statement. Treichler, 775 F.3d at 1103 ("ALJs typically identify what parts of the claimant's testimony were not credible and why.") (citation omitted). Nonetheless, if an ALJ's evaluation of a claimant's statements is supported by substantial evidence, "the court may not engage in second-guessing." Chaudhry v. Astrue, 688 F.3d 661, 672 (9th Cir. 2012) (citation omitted).

///

///

6

**B. Analysis**

Plaintiff alleged that due to her fibromyalgia, postherpetic neuralgia, severe depression, and chronic fatigue, she spends most of her time in bed. (AR 42). She can occasionally drive and fix meals, but she is aided by her mother and two helpers who live with plaintiff and her children. (AR 42). She sometimes goes three days without showering or taking care of personal hygiene. (AR 42). She can walk for 15 minutes to half an hour a couple times a month. (AR 43). She has memory and concentration problems due to fatigue and depression. (AR 48, 53-54). Sometimes social activities are overwhelming, and she has trouble getting along with others. (AR 251-52). She has tried numerous treatment modalities, but they only provided minimal relief. (AR 44).

First, the ALJ gave less weight to plaintiff's subjective complaints due, in part, to the absence of supporting objective medical evidence. (AR 24-25). This is a proper factor to consider when evaluating a claimant's subjective complaints. See Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider . . . ."). For example, the ALJ found no supporting objective evidence of cervical radiculopathy; extreme limitation in the ability to stand, balance or use her hands; or marked limitation in physical functioning, as alleged. (AR 23). The ALJ noted that the evidence of normal motor strength, intact sensation, and normal muscle bulk and muscle tone was inconsistent with plaintiff's allegations of lying in bed most of the day due to her impairments and pain. (AR 23, 25-26); see also Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly discredited plaintiff's testimony where there was no evidence of muscular atrophy or other physical signs usually seen in an "inactive, totally incapacitated individual.").

Plaintiff argues that physical signs are not among the criteria for diagnosing fibromyalgia or polyneuropathy. (Plaintiff's Motion at 17). Here, however, the ALJ did not rely on the lack of objective signs of fibromyalgia or polyneuropathy

to determine whether plaintiff had the medically determinable impairments of fibromyalgia or polyneuropathy – both of which the ALJ determined were severe impairments – but rather to evaluate plaintiff's allegations of significant inactivity caused by these impairments. (AR 23, 25-26). This was proper. See Meanel, 712 F.3d at 1114.

  The ALJ also found a lack of supporting objective evidence regarding plaintiff's depressive disorder and its effects on plaintiff's ability to function. (AR 21-22). The ALJ noted that plaintiff was able to occasionally drive and take her young children to school activities, manage her treatment regimen, and engage in social activities with friends and take in boarders to assist her with the household. (AR 21-22, 42-43, 242, 251). The ALJ also noted that plaintiff was able to testify at the hearing with little evidence of difficulty remembering her detailed medical history, interact with the ALJ and hearing office staff without difficulties in her interpersonal skills, and sustain attention and concentration during the hearing without any noted difficulties. (AR 21-22). The ALJ was permitted to rely on her own observations of plaintiff as one of the several factors for evaluating plaintiff's symptom testimony. See SSR 16-3p, 2016 WL 1119029, at *7 (ALJ "will consider any personal observations of the [claimant] in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file."); see also Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (when evaluating symptom testimony ALJ may consider observations that claimant acted in manner at hearing that was inconsistent with alleged disabling symptoms) (citation omitted).

  Second, the ALJ considered other evidence in the record – State agency opinions – in giving less weight to plaintiff's subjective complaints. (AR 25-26). The ALJ noted that there were no treating or examining source opinions in the record, and thus there were no opinions that contradicted the State agency medical consultants' opinions that plaintiff had the capacity for light work with occasional

posturals and no concentrated exposure to extreme cold, extreme heat, and hazards. (AR 25, 58-80, 83-106). The State agency medical consultants relied on plaintiff's essentially normal physical examinations and the lack of evidence that plaintiff's diagnosis was established in a systematic fashion according to established criteria. (AR 62, 86). Regarding plaintiff's alleged mental impairments, the State agency psychiatric consultant on initial review opined that the mental impairments were non-severe, noting that plaintiff's mental status examinations were normal with treatment. (AR 25, 63, 74). On reconsideration, the State agency psychological consultant noted that no worsening of the severity of plaintiff's mental impairments was evident in the evidence received subsequent to the initial determination, yet opined that plaintiff had a severe mental impairment and could perform simple and detailed but not complex activities and that she may benefit from reduced interactions with the public. (AR 26, 86, 90-92, 98). The ALJ gave less weight to the opinion on reconsideration, finding that plaintiff's mental complaints were secondary to her physical pain symptoms and the reported worsening of her symptoms was not supported by the record as a whole. (AR 26).

  Plaintiff argues that she had "multiple psychiatric hospitalizations involving interaction between psychological and physical symptoms that neither of the medical doctors nor the psychologists assumed." (Plaintiff's Motion at 17). The record shows that plaintiff was hospitalized approximately 20-25 years ago for a suicide attempt (AR 1747), in May 2015 for a severe reaction to an injection in her head for fibromyalgia (AR 45, 1885-2048), and in December 2015 for suicidal ideation (AR 46-47, 1301-1607). Thus, unless plaintiff is counting the hospitalization over a decade prior to the alleged onset date, the record does not support plaintiff's argument that she had multiple psychiatric hospitalizations. While Plaintiff argues that the medical evidence supports the State agency psychological consultant's opinion (Plaintiff's Motion at 17), this Court will not

second-guess the ALJ's reasonable determination to the contrary, even if the evidence could give rise to inferences more favorable to plaintiff. See Chaudhry, 688 F.3d at 672 (citation omitted).

Third, the ALJ gave less weight to plaintiff's subjective complaints because she stopped working for reasons other than her condition, namely because she was laid off. (AR 25). This is a proper factor to consider when assessing a claimant's subjective complaints. See Brackett v. Commissioner of Social Security Administration, 468 F. App'x 754, 755 (9th Cir. 2012) (ALJ permissibly discounted claimant's subjective pain testimony partly because claimant stopped working when he was laid off); Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ did not err in discrediting claimant's subjective complaints where claimant left his job because he was laid off). Courts have found, however, that being laid off prior to the alleged disability onset date does not weigh against a claimant's credibility. See Haagenson v. Colvin, 656 F. App'x 800, 801 (9th Cir. 2016) (holding that "the evidence that [claimant] was laid off from her last job . . . – prior to her alleged onset date . . . – has no bearing on either her credibility or the disability determination"); Harbaugh v. Commissioner of Social Security Administration, 2018 WL 1472005, at *4 (D. Ariz. Mar. 26, 2018) (finding "the fact that [claimant] was laid off . . . three years before her alleged onset date" " has no relevance to [claimant's] credibility in this instance"). Here, as the ALJ noted, plaintiff alleged that she stopped working in 2010 because she was laid off due to lack of business.[4] (AR 25, 231). Because plaintiff's alleged onset date is two years after the date plaintiff was laid off, the Court finds that this is not a clear and convincing reason for rejecting plaintiff's subjective complaints.

///

---

[4] Despite alleging in the Disability Report that she was laid off due to lack of business, plaintiff testified that she stopped working in 2010 because she was "in considerable pain and started doing more medical care to see if [she] could get better." (AR 40).

10

Fourth, the ALJ observed that, contrary to plaintiff's alleged mental impairments due to her pain, plaintiff's presentation at the hearing did not support plaintiff's allegations. (AR 21-22). As discussed above, the ALJ was permitted to rely on her own observations of plaintiff at the hearing as one of several factors affecting plaintiff's credibility. See Drouin v. Sullivan, 966 F.2d 1255, 1259 (9th Cir. 1992) (upholding credibility rejection where ALJ's observation of claimant at the hearing was one of several legitimate reasons stated); see also Verduzco, 188 F.3d at 1090.

On the whole, three of the four reasons for discounting plaintiff's subjective complaints are valid and supported by substantial evidence. The ALJ's error in relying on plaintiff's lay-off in 2010 is harmless, as it would not have negated the validity of the ALJ's ultimate evaluation of plaintiff's statements in this case. See Molina, 674 F.3d at 1115 (Where one or more reasons supporting an ALJ's credibility analysis is invalid, any error is harmless if (1) the ALJ provided other valid reasons supported by the record; (2) "there remains substantial evidence supporting the ALJ's decision"; and (3) the error "does not negate the validity of the ALJ's ultimate [credibility] conclusion.") (citations and internal quotation marks omitted).

Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 18, 2019

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE